UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DANIEL JAMES,

        PLAINTIFF,    :    11 Civ. 01359 (BSJ)(THK)

                             :    **REPORT AND**
                             :    **RECOMMENDATION**
       -against-

CITY OF NEW YORK, et al.,    :    (**PRO SE**)

        DEFENDANTS.
------------------------------------X

**TO: HON. BARBARA S. JONES, UNITED STATES DISTRICT JUDGE.**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff Daniel James brings this civil rights action under 42 U.S.C. § 1983, alleging that, on November 9, 2007, he was approached on the street by a police officer who, in the course of searching him, "violated [him] by sticking his bare hand in [his] buttocks." (Complaint at 4.) The Complaint is dated January 27, 2011 and was formally filed on February 2, 2011.[1] Plaintiff is proceeding pro se and was granted in forma pauperis status.

After screening the Complaint, as authorized under 28 U.S.C. § 1915(A)(a), it appeared from the face of the Complaint that Plaintiff's claims might be time-barred. The Court therefore issued an Order directing Plaintiff to file an affirmation showing cause why the Complaint should not be dismissed. (See Order, dated

---

[1] The Complaint was filed in the federal district court for the Eastern District of New York and that court transferred the action to the Southern District of New York.

COPIES MAILED
TO COUNSEL OF RECORD ON 7/12/11

April 29, 2011.) Plaintiff complied with the Order by filing an affirmation. (See Affirmation for Timeliness, dated May 8, 2011 ("Pl.'s Aff.").) Having reviewed the affirmation and the Complaint, the Court concludes that Plaintiff's claims are time-barred and recommends that this action be dismissed with prejudice.

### DISCUSSION

In New York, claims brought under 42 U.S.C. § 1983 must be brought within three years of the alleged constitutional violation. See Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009). Absent tolling, therefore, Plaintiff's claims, which accrued by no later than November 9, 2007, would be barred under the three-year statute of limitations, because the Complaint in this action was not filed until January 27, 2011.[2]

Statutes of limitations are subject to equitable tolling when necessary to prevent unfairness to a plaintiff who is not at fault for a late filing. Gonzalez v. Hasty, No. 07-1787-pr., 2011 WL 2463562, at *4 (2d Cir. June 22, 2011). However, "[e]quitable tolling is an extraordinary measure that applies only when [a]

---

[2] Under the prison mailbox rule, the Court considers a complaint to have been filed on the date it was provided to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379 (1988); Walker v. Jastremski, 430 F.3d 560, 562 (2d Cir. 2005). Since the Complaint is dated January 27, 2011, it could not have been given to prison officials earlier than that date.

2

…

plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." Id. (quoting Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 322 (2d Cir. 2004)); see also Walker, 430 F.3d at 564 ("We have applied equitable tolling only in rare and exceptional circumstances, where we found that extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he [sought] to toll.") (internal quotation marks omitted). "Due diligence on the part of the plaintiff in bringing [an] action . . . is an essential element of equitable relief." Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007).

Plaintiff has not argued or demonstrated that he was prevented from filing his Complaint in a timely fashion by prison officials, the defendants, or anyone else. Instead, he contends that he discussed the filing of a complaint with his criminal defense attorney in March 2009. Although his attorney allegedly told him he would file a complaint on his behalf, he never did so. Plaintiff learned of that fact by no later than February 2010. He then wrote to secure the minutes of his criminal proceeding. He did not file the instant Complaint, however, until December 2010. (See Pl.'s Aff.)

Plaintiff was not prevented from filing a timely Complaint.

3

Other than his conclusory statement that a criminal defense attorney told him he would file a complaint on his behalf, Plaintiff submits no evidence demonstrating (1) that he actually retained an attorney to file a complaint on his behalf, or (2) his efforts (a) to determine whether a complaint was filed, or (b) to file a complaint on his own. Cf. Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004) ("Even where the extraordinary circumstances on which the petitioner rests his claim involve attorney incompetence, the petitioner must still demonstrate that he himself made reasonably diligent attempts to ensure that his petition was filed on time. In other words, the act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition."). Indeed, Plaintiff had three years from November 2007 to file his Complaint and, by his own admission, did not even discuss his desire to file a Complaint with a lawyer until March 2009.

Moreover, even when he confirmed that a Complaint had not been filed on his behalf, which was by no later than February 2010, Plaintiff still had more than eight months to file a timely Complaint. Yet, Plaintiff delayed approximately ten months, until January 2011, in filing the Complaint.[3] Thus, Plaintiff has not

---

[3] Although Plaintiff alludes to requesting the minutes from some criminal proceeding, he had personal knowledge of the

4

demonstrated that his attorney was the cause of his failure to satisfy the statute of limitations. Cf. Abbas, 480 F.3d at 642 ("The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim have ceased to be operational.") (internal quotation marks omitted).

Under these circumstances, Plaintiff has not demonstrated extraordinary circumstances that prevented him from complying with the statute of limitations, or that he exercised the requisite diligence during the period he seeks to have tolled. Accordingly, he is not entitled to the benefit of equitable tolling and his claims are time-barred. This Court therefore recommends that the Complaint be dismissed with prejudice.

Respectfully submitted,

Theodore H. Katz
United States Magistrate Judge

Dated: July 12, 2011
       New York, New York

---

allegedly abusive search that forms the basis of his Complaint.